UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY SHEFFIELD, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OOFOS, INC.,<br><br>Defendant. | Case No. 3:26-cv-05758-TMC<br><br>ORDER REMANDING CASE |

## I. INTRODUCTION AND BACKGROUND

This case is a proposed class action against Defendant OOFOS, Inc. ("OOFOS") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and Washington's Consumer Protection Act ("CPA"), RCW 19.86. *See* Dkt. 1-3.

On June 8, 2026, Plaintiff Tiffany Sheffield filed a putative class complaint against OOFOS in Pierce County Superior Court. *Id.* Sheffield alleges that OOFOS "has spammed" her and other Washington consumers "with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment under CEMA." *Id.* ¶ 62; *see also id.* ¶ 4. She describes a "calculated" marketing scheme whereby

OOFOS sends emails announcing time-limited sales and promotions that are later extended. *Id.* ¶¶ 40–53. She specifically points to an email she received from OOFOS on February 24, 2025, as well as a follow-up email she received the next day, and she alleges that the first of these emails "contained false statements of fact" in its subject line. *Id.* ¶¶ 62–65.

On July 10, 2026, OOFOS removed the case to federal court based on diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Dkt. 1. On August 17, it moved to dismiss, arguing that Sheffield failed to state a claim under CEMA or the CPA, and that CEMA is preempted by the federal CAN-SPAM Act. Dkt. 12. After reviewing the complaint, the Court determined that "it is not apparent that Sheffield has alleged an Article III as opposed to merely a statutory injury" and ordered OOFOS to show cause why this case should not be remanded to Pierce County Superior Court for lack of standing. Dkt. 17 at 4. On September 23, OOFOS responded to the show cause order. Dkt. 20. The parties then moved to stay all case-management deadlines pending a ruling on the order to show cause. Dkt. 22. The Court issued the requested stay on October 6. Dkt. 23.

The Court concludes that Sheffield lacks Article III standing and REMANDS this case to Pierce County Superior Court.

## II. LEGAL STANDARD

Both the Supreme Court and the Ninth Circuit "have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks, alteration, and emphasis omitted) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to

CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[ ] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, OOFOS bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (second alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 340–41). "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Furthermore, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

## III. DISCUSSION

OOFOS contends that the Court should not remand this case because Sheffield alleges a concrete injury sufficient for standing under Article III. Dkt. 20 at 4–5. Because Sheffield's

complaint does not allege any specific injury that she personally experienced, the Court is not persuaded by OOFOS's arguments.

The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025). But the legislature's creation of a statutory injury does not automatically confer Article III standing. *TransUnion*, 594 U.S. at 426–27. Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427. In other words, for this Court to have either original or removal jurisdiction, a CEMA plaintiff must have alleged that she has "suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

In *Samaduroff v. David Peyser Sportswear, Inc.*, this Court held that "the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." No. 3:26-CV-05275-TMC, 2026 WL 2675977, at *2 (W.D. Wash. Sept. 11, 2026) (quoting *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026)). While the Court acknowledges the contrary decisions cited by OOFOS, *see* Dkt. 20 at 5–7, the facts of this case give the Court no reason to depart from its holding in *Samaduroff*.

OOFOS asserts that Sheffield has alleged a concrete injury, comparable to the traditional harms of nuisance and invasion of privacy, by claiming that OOFOS "annoy[ed] and harass[ed]" her with a large volume of emails that wasted her time. *Id.* at 4–5 (citing Dkt. 1-3 ¶¶ 5, 62–63). But nowhere in Sheffield's complaint does she allege that she personally received any email

from OOFOS without her consent. *See* Dkt. 1-3 ¶¶ 62–65. And as OOFOS acknowledges, "Sheffield does not allege that she opened either challenged email, clicked any link, purchased any product, paid more than she otherwise would have paid, or otherwise acted in reliance on either subject line." Dkt. 20 at 7–8. "[A]nnoyance and harassment," on their own, are not sufficiently connected to traditional harms like nuisance or invasion of privacy, which involve nonconsensual conduct.

With these circumstances in mind, Sheffield lacks standing to pursue either damages or injunctive relief. First, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion*, 594 U.S. at 436. Sheffield alleges no "economic loss, detrimental reliance, or any comparable injury" arising from the emails she received, foreclosing her ability to seek damages for OOFOS's alleged conduct. *Samaduroff*, 2026 WL 2675977, at *2 (quoting *Stutsman*, 2026 WL 2445129, at *4); *see* Dkt. 20 at 7–8. Second, while "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," that risk must be "sufficiently imminent and substantial." *TransUnion*, 594 U.S. at 435. Although Sheffield claims to have previously received false or misleading emails from OOFOS, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). And even assuming that the emails will continue, Sheffield does not allege that they will affect her own purchasing habits in any way. *See id.* at 969–70 (explaining that threats of future harm from false advertising may include plausible allegations that a consumer "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was

improved”). In short, no allegations of *imminent* risk are present in Sheffield’s complaint. Injunctive relief is thus unavailable.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The above-captioned case is REMANDED to the Pierce County Superior Court.
2. The pending motion to dismiss (Dkt. 12) is DENIED as moot.
3. The Clerk shall mail a certified copy of this Order to the Clerk of Court for the Pierce County Superior Court.
4. The Clerk shall transmit the record herein to the Clerk of Court for the Pierce County Superior Court.
5. The Clerk shall close this case.

Dated this 8th day of October, 2026.

Tiffany M. Cartwright
United States District Judge